# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2013

No. 13-30222
Summary Calendar

Lyle W. Cayce
Clerk

ERIC DRAKE,

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA,

Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No: 3:12-CV-372

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Eric Drake appeals the district court's *sua sponte* dismissal for frivolity and lack of jurisdiction of his *pro se* action seeking declaratory and injunctive relief against the United States. We AFFIRM.

In 1990, Drake pled guilty to a felony—the knowing production without lawful authority of an identification document, in violation of 18 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30222

§ 1028(a)(1)—in the United States District Court for the Eastern District of Virginia. His complaint seeks a declaration that he nevertheless has "the right to possess, ship, receive, and own firearms," despite being a felon. *Cf.* 18 U.S.C. § 922(g) (prohibiting felons from shipping or transporting firearms in interstate commerce and receiving firearms transported in interstate or foreign commerce). He claims that former Louisiana Governor Edwin Edwards pardoned him for his offense, resulting in a full restoration of his civil rights.

As we have told Drake previously, *see Drake v. United States*, 249 F. App'x 332, 332-33 (5th Cir. 2007) (per curiam), restoration of civil rights is a matter "governed by the law of the convicting jurisdiction." *Beecham v. United States*, 511 U.S. 368, 371 (1994). His putative Louisiana pardon has no bearing on the *federal* restrictions placed on him as a result of his *federal* conviction. Relief from disabilities imposed by federal law related to firearms ownership and possession is governed by 18 U.S.C. § 925(c), which requires application to the Attorney General by those seeking such relief. Drake has made no such application, and the federal courts therefore lack jurisdiction. *See United States v. Bean*, 537 U.S. 71, 74 (2002).

For the foregoing reasons, we AFFIRM the judgment of the district court.